IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02332-BNB

JOHN THOMAS BLACK, JR.,

    Plaintiff,

v.

DUPUTY [sic] CHIEF REAMS,
COMMANDER: BROWSWELL,
COMMANDER: RODRIGUEZ,
C/O MOLL,
S/O STUPKA,
C/O WAREMBOUG,
C/O WILLS,
NURSE/DOURTE, and
HEAD OF PROGRAMS, Was [unintelligible] Name,

    Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

DEC 0 5 2008

GREGORY C. LANGHAM
            CLERK

---

ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

---

Plaintiff, John Thomas Black, Jr., currently is confined at the Weld County Jail in Greeley, Colorado. On October 28, 2008, he filed *pro se* a civil rights complaint pursuant to 42 U.S.C. § 1983 (2006) and 28 U.S.C. § 1343(a)(3) (1993) for injunctive relief. He has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 (2006) without payment of an initial partial filing fee.

On November 4, 2008, Mr. Black filed an amended complaint together with a motion to amend the complaint he originally filed. In the motion to amend, he seeks to add defendants. Therefore, it appears to the Court that Mr. Black intended the amended complaint filed on November 4 to supplement the complaint he originally filed

on October 28, 2008, not to replace the October 28 complaint. The caption to this order, however, only lists the defendants listed in the caption to the amended complaint. In any case, the motion to amend will be granted. Mr. Black will be given an opportunity to clarify any confusion over his filings because, for the reasons stated below, he will be ordered to file a second amended complaint.

The Court must construe liberally the complaint and amended complaint because Mr. Black is representing himself. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be the *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

The Court finds that the complaint and the amended complaint are deficient because they fail to comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. *See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief

sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(d)(1) which provides that "[e]ach allegation must be simple, concise, and direct." Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8. In order for Mr. Black "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1164 (10th Cir. 2007).

Mr. Black's complaint and amended complaint are confusing and verbose. They fail to set forth a short and plain statement of his claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Rather than summarizing each claim succinctly, Mr. Black apparently expects the Court to speculate who is being sued for what and how his constitutional rights have been violated. That is not a judicial function. It is Mr. Black's responsibility to present his claims in a manageable format that allows the Court and the defendants to know what claims are being asserted and to be able to respond to those claims. Mr. Black must allege, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each Defendant that allegedly violated his rights.

Mr. Black also must assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See **Bennett v. Passic**,* 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish

3

personal participation, Mr. Black must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each Defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A defendant may not be held liable on a theory of respondeat superior merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Black may use fictitious names, such as Jane or John Doe, if he does not know the real names of the individuals who allegedly violated his rights. However, if Mr. Black uses fictitious names he must provide sufficient information about each defendant so that each defendant can be identified for purposes of service.

A decision to dismiss a complaint pursuant to Rule 8 is within the trial court's sound discretion. *See Atkins v. Northwest Airlines, Inc.*, 967 F.2d 1197, 1203 (8th Cir. 1992); *Gillibeau v. City of Richmond*, 417 F.2d 426, 431 (9th Cir. 1969). The Court finds that the complaint and amended complaint do not meet the requirements of Fed. R. Civ. P. 8 and D.C.COLO.LCivR 10.1C. and that Mr. Black should be given an opportunity to file a second amended complaint. He will be directed to do so below.

The second amended complaint Mr. Black will be directed to file must comply with the pleading requirements of Fed. R. Civ. P. 8 as explained in this order. It also must assert all the claims against all the defendants that Mr. Black intends to sue. It may not rely upon attachments to the second amended complaint to state or explain

any claims. The second amended complaint may not refer either to the complaint originally filed or to the amended complaint. The caption to the second amended complaint must list all the defendants that Mr. Black intends to sue. *See* Fed. R. Civ. P. 10(a). If the second amended complaint is handwritten it shall be written legibly, preferably in capital and lower case letters and not in all capital letters, which are difficult to read. *See* D.C.COLO.LCivR 10.1. The address of each named defendant must be provided in order to effect service. Finally, Mr. Black must provide sufficient copies of the second amended complaint to serve each named defendant. The Court will not make the copies necessary for service. Therefore, Mr. Medina should review his claims carefully to ensure that he has made sufficient factual allegations, as well as asserted how each named defendant personally participated in the asserted constitutional violations. Accordingly, it is

ORDERED that the motion to amend, contained within the amended complaint, is granted. It is

FURTHER ORDERED that Mr. Black file **within thirty (30) days from the date of this order** a second amended complaint that complies with the pleading requirements of Fed. R. Civ. P. 8 as discussed in this order. It is

FURTHER ORDERED that the second amended complaint shall be titled "Second Amended Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901 Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Black, together with a copy of this order, two copies of the following form to be used in submitting the second amended complaint: Prisoner Complaint. It is

FURTHER ORDERED that Mr. Black submit sufficient copies of the second amended complaint to serve each named defendant. It is

FURTHER ORDERED that, if Mr. Black fails to file a second amended complaint that complies with this order to the Court's satisfaction within the time allowed, the complaint, the amended complaint, and the action will be dismissed without further notice.

DATED December 5, 2008, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 08-cv-02332-BNB

John T. Black
10500 Irma Drive #21106
Northglenn, CO 80233

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint form** to the above-named individuals on 12/5/08

GREGORY C. LANGHAM, CLERK

By: _____
       Deputy Clerk